# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

**TUWANE ENGLISH**,

      Petitioner,

vs.

**UNITED STATES OF AMERICA**,

      Respondent.

No. 13-CV-4089-DEO

**INITIAL REVIEW ORDER**

_____

Before the Court is a pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence By a Person In Federal Custody," Docket No. 3, filed by Tuwane English [hereinafter Mr. English]. In his Petition, Mr. English alleges that he received ineffective assistance of counsel.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. English filed a Motion to Proceed In Forma Pauperis. Docket No. 2. In forma pauperis status allows a petitioner to proceed without incurring filing fees or other court costs. In order to qualify for in forma pauperis status, a petitioner must provide this Court an affidavit[1] with the following statements: (1) statement of the nature of the action, (2)

---

[1] An affidavit is a "voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths." Black's Law Dictionary (9th ed. 2009), affidavit.

statement that plaintiff/petitioner is entitled to redress, (3) statement of the assets plaintiff/petitioner possesses, and (4) statement that plaintiff/petitioner is unable to pay filing fees and court costs or give security therefor. 28 U.S.C. § 1915(a)(1). Prisoners must also meet an additional requirement: they must submit a certified copy of their prisoner trust fund account statement for a 6-month period prior to the filing of the complaint. 28 U.S.C. § 1915(a)(2). Mr. English has both failed to include a prisoner account statement and has failed to sign his affidavit. Accordingly, the Court can not grant in forma pauperis status at this time. As will be discussed further below, the Court is appointing Mr. English counsel. Counsel can refile the Motion to Proceed In Forma Pauperis if necessary.

**II. TIME LIMIT**

According to 28 U.S.C. § 2255(f),

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

2

> governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

This Court entered Judgment against Mr. English on March 29, 2012. 11-CR-4105-DEO, Docket 49. On March 18, 2013, Mr. English sent this Court a letter complaining about his ineffective of assistance of counsel. 11-CR-4105-DEO, Docket 55. Although Mr. English did not actually file the present 28 U.S.C. § 2255 action until September 16, 2013, Docket No. 3, the Court is persuaded his letter of March 18, 2013 effectively tolled the statute of limitations. Accordingly, the Court will allow Mr. English's Petition to proceed past this initial stage.[2]

III. APPOINTMENT OF COUNSEL.

Based upon a review of the submitted pleading, the Court has determined that appointed counsel is appropriate in order

---

[2] This is not the Court's final ruling on the statute of limitations issue. Rather, the Court is saying that it will appoint Mr. English counsel and allow counsel to address this issue on the merits.

3

that the Petitioner be adequately represented in this matter. A court has discretion to appoint counsel "at any stage of the proceeding if the interest of justice so requires." 18 U.S.C. §3006A(a)(2)(B); Fed.R.Gov. §2255 Proc. 8(c). Appointment of counsel is mandated only if the court grants an evidentiary hearing, Rule 8(c), or if the court permits discovery and deems counsel "necessary for effective utilization of discovery procedures." Rule 6(a). Based upon a review of the submitted pleading, the Court has determined that appointed counsel is appropriate in order that the Petitioner be adequately represented in this matter.

**UPON THE FOREGOING, IT IS HEREBY ORDERED** that the Clerk of Court shall appoint counsel to represent pro se Petitioner.

**IT IS FURTHER HEREBY ORDERED** that Petitioner's newly appointed counsel shall have thirty (30) days from the date of his/her appointment to amend or supplement and brief Petitioner's pleading (Docket No. 3). If there will be no amendment or supplement and brief, Petitioner's counsel shall file a report setting that out.

**IT IS FURTHER ORDERED** that the Respondent shall have thirty (30) days from the date Petitioner's counsel files a

supplemental pleading and brief, if any, within which to file a responsive pleading and brief.

## IV. FORMER COUNSEL

Finally, the Court notes that Mr. English raises a claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney necessary to prove or disprove the claim. United States v. Pinson, 584 F.3d 972, 978 (10th Cir. 2009) (citing Tasby v. United States, 504 F.2d 332, 336 (8th Cir. 1974)("When a client calls into public question the competence of his attorney, the privilege is waived.")). Therefore, counsel whose representation is challenged shall cooperate with the United States and provide information, documents, and an affidavit, if necessary, responsive to any ineffective assistance of counsel claim in Mr. English's § 2255 motion. Mr. English was represented in criminal case number 11-CR-4105-DEO by Public Defender Michael Smart. Mr. Smart shall receive a copy of this Order, be added to the docket in this matter by the Clerk of Court, and will be required to participate in any hearing scheduled on the merits of the Petition.

Where former counsel cooperates by reviewing his or her files, by providing information and documents, by preparing an affidavit and/or by testifying during an evidentiary hearing, the Court deems it appropriate to pay him or her under the Criminal Justice Act, 18 U.S.C. § 3006A (Because former counsel is a Federal Public Defender, this does not apply.).

**V. CONCLUSIONS**

For the reasons set out above, Mr. English's initial application to proceed in forma pauperis is denied. The Court will appoint Mr. English counsel as set out above and establish the briefing deadlines outlined herein. Former counsel Mike Smart will assist the Respondent as set out above.

**IT IS SO ORDERED** this 29th day of October, 2013.

_Donald E. O'Brien_
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa